IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MARVEL JONES, | |
| Plaintiff, | **8:23CV182** |
| vs. | |
| MADISON COUNTY, A Political Subdivision; STATE OF NEBRASKA, NEBRASKA STATE PATROL, A State Agency; MADISON COUNTY SHERIFF DEPARTMENT, The Chief Law Inforcement Officer of Madison County; SIX UNKNOWN SHERIFF OFFICERS OF MADISON COUNTY, NEBRASKA, Sued In Their Individually And In Their Official Capacity; MICHAEL GETTMANN, LICSW/LIMHP, Sued In His Individually And In His Official Capacity; and SEN. ROBERT ROSE, of Law Enforcement and Public Safety for the Nebraska State Patrol Sued In His Individually And In His Official Capacity; | **MEMORANDUM AND ORDER** |
| Defendants. | |

This matter is before the Court on Plaintiff's "Motion for Reconsideration in Paying Filing Fees." Filing No. 6. Plaintiff states that he is not a prisoner but rather is a patient at the Norfolk Regional Center under "the Mental Health Commitment Act." *Id.* at 1. Thus, the Prison Litigation Reform Act ("PLRA") does not apply to him. Based on his statements, it appears Plaintiff is asking the Court not to require him to pay the filing fee.

The Court is well aware that Plaintiff, as a civilly committed patient at the Norfolk Regional Center, is not subject to the PLRA filing fee payment requirements. *See Reed v. Clarke*, No. 4:04CV3168, 2005 WL 1075092, at *1 n.1 (D. Neb. May 5, 2005) ("The

plaintiff is presently in the Lincoln Regional Center pursuant to a mental health commitment.  The Prison Litigation Reform Act ('PLRA') does not apply to persons in custody pursuant to the Mental Health Commitment Act, as the definition of 'prisoner' in the PLRA does not include a person involuntarily committed for reasons of mental health.") (citing *Kolocotronis v. Morgan*, 247 F.3d 726, 728 (8th Cir.2001)).  However, the Court did not order Plaintiff to pay the filing fee pursuant to the PLRA.  Rather, the Court ordered Plaintiff to either pay the Court's $402.00 filing and administrative fees or to submit a request to proceed in forma pauperis, *see* Filing No. 5, which is required of any nonprisoner filing a civil suit in federal district court.   *See* 28 U.S.C. § 1914 ("The clerk of each district court shall require the parties instituting any civil action . . . to pay a filing fee of $350 . . . ." and shall also collect the $52 administrative fee for filing a civil action prescribed by the Judicial Conference of the United States.); 28 U.S.C. § 1915 (allowing a court to "authorize the commencement . . . of any suit . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possess that the person is unable to pay such fees or give security therefor").

To be clear, Plaintiff has the choice of paying the Court's full $402.00 filing and administrative fees or submitting a request to proceed in forma pauperis that complies with 28 U.S.C. § 1915.  If Plaintiff is granted leave to proceed in forma pauperis, he will be relieved from paying the Court's filing fee.

IT IS THEREFORE ORDERED that:

1.      Plaintiff's Motion for Reconsideration in Paying Filing Fees, Filing No. 6, is denied as moot because Plaintiff is not required to pay any filing fee pursuant to the PLRA.

2.      The Clerk of the Court is directed to send to Plaintiff the Form AO240 ("Application to Proceed Without Prepayment of Fees and Affidavit").

3.      On the Court's own motion, the deadline for Plaintiff to submit the $402.00 fees to the Clerk's office or submit a request to proceed in forma pauperis is extended to **June 30, 2023**.

4.      The Clerk of Court is directed to set a pro se case management deadline using the following text: **June 30, 2023**: Check for MIFP or payment.

Dated this 13th day of June, 2023.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge