IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MARVEL JONES, <br><br> Plaintiff, <br><br> vs. <br><br> MADISON COUNTY, A Political Subdivision; STATE OF NEBRASKA, NEBRASKA STATE PATROL, A State Agency; MADISON COUNTY SHERIFF DEPARTMENT, The Chief Law Inforcement Officer of Madison County; SIX UNKNOWN SHERIFF OFFICERS OF MADISON COUNTY, NEBRASKA, Sued In Their Individually And In Their Official Capacity; MICHAEL GETTMANN, LICSW/LIMHP, Sued In His Individually And In His Official Capacity; and SEN. ROBERT ROSE, of Law Enforcement and Public Safety for the Nebraska State Patrol Sued In His Individually And In His Official Capacity; <br><br> Defendants. | 8:23CV182 <br><br> MEMORANDUM AND ORDER |

This matter is before the Court on Plaintiff's "Motion in Paying Filing Fee" docketed as a letter. Filing No. 11. As he indicates in his letter, on August 3, 2023, Plaintiff, a non-prisoner,[1] paid the filing fee in this case. At the direction of the Court, this case is removed from the pro se docket. *See* General Order No. 2022-04, ¶ 4. The Clerk's office shall assign new judges to this case and request a reassignment order from the Chief Judge.

---

[1] Plaintiff is a "civilly committed patient" at the Norfolk Regional Center. Filing No. 1 at 1. Thus, Plaintiff is not a "prisoner" within the meaning of the PLRA. *See Reed v. Clarke*, No. 4:04CV3168, 2005 WL 1075092, at *1 n.1 (D. Neb. May 5, 2005) ("The plaintiff is presently in the Lincoln Regional Center pursuant to a mental health commitment. The Prison Litigation Reform Act ('PLRA') does not apply to persons in custody pursuant to the Mental Health Commitment Act, as the definition of 'prisoner' in the PLRA does not include a person involuntarily committed for reasons of mental health.") (citing *Kolocotronis v. Morgan*, 247 F.3d 726, 728 (8th Cir.2001)).

As this case is being reassigned, the undersigned will make no ruling on Plaintiff's pending motion for the appointment of counsel, Filing No. 2, at this time.

Because Plaintiff is a pro se non-prisoner who has paid the filing fee in full, the Court will direct the Clerk's office to provide Plaintiff with summons forms so that Plaintiff may effect service of process.  Plaintiff may request the Court to "order that service be made by a United States marshal" under Federal Rule of Civil Procedure 4(c)(3), but Plaintiff should be aware that the U.S. Marshals Service is required by statute to charge him for making or attempting service.  *See* 28 U.S.C. § 1921(a) ("The United States marshals or deputy marshals shall routinely collect, and a court may tax as costs, fees for" serving summonses, complaints, or any other process.).  The Court also advises Plaintiff that under 28 U.S.C. § 1921(d), the U.S. Marshals Service "may require a deposit to cover the fees and expenses prescribed" under § 1921; the remainder of the fees and expenses will either be collected by the Marshals Service or taxed as costs by the Court, 28 U.S.C. § 1921(a)(1).

IT IS THEREFORE ORDERED:

1.      The filing fee has been paid in this case.  At the direction of the Court, this case is removed from the pro se docket.  The Clerk's office shall assign new judges to this case and request a reassignment order from Chief Judge Rossiter.

2.      The Clerk of Court shall send ten signed summons forms and ten USM-285 forms to Plaintiff together with a copy of this Memorandum and Order for service on each of the named defendants, including those defendants sued in both their individual and official capacities.

3.      Plaintiff may request the Court to order that service be made by the United States Marshals Service under Federal Rule of Civil Procedure 4(c)(3).  However, as to the defendant stylized as "Six Unknown Sheriff Officers of Madison County, Nebraska," Plaintiff is advised that the United States Marshals cannot initiate service upon unknown defendants.  Thus, Plaintiff must take reasonable steps to identify the "Six Unknown Sheriff Officers of Madison County, Nebraska" and notify the Court of the defendants' names or inform the Court if he is unable to provide any identifying information if he wishes the Marshals Service to effect service on these defendants.

4.      Federal Rule of Civil Procedure 4(m) requires service of the complaint on a defendant within 90 days of filing the complaint.  However, Plaintiff is granted, on the Court's own motion, an extension of time until 90 days from the date of this order to complete service of process.  The Clerk of Court shall set a case management deadline accordingly.

5.      Plaintiff is hereby notified that failure to obtain service of process on the Defendants within 90 days of the date of this order may result in dismissal of this matter without further notice.  A defendant has 21 days after receipt of the summons to answer or otherwise respond to a complaint.

6.      The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this Court.  Plaintiff shall keep the Court informed of his current address at all times while this case is pending.  Failure to do so may result in dismissal without further notice.

Dated this 1st day of September, 2023.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge