IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

MARVEL JONES,

          Plaintiff,

vs.

MADISON COUNTY, et al.,

          Defendants.

8:23-CV-182

MEMORANDUM AND ORDER

      The *pro se* plaintiff, Marvel Jones, is suing the defendants for allegedly violating his civil rights by subjecting him to prosecution for theft by deception without probable cause. *See* filing 1. He alleges some of the defendants conspired to fabricate evidence and coerce witnesses. Some of the defendants have moved to dismiss. Filing 30; filing 42; filing 48.

## I. STANDARD OF REVIEW

      To survive a motion to dismiss for failure to state a claim, the text of the plaintiff's complaint must contain enough factual allegations to nudge the plaintiff's claims across the line from conceivable to plausible. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A plaintiff's claims are plausible if the facts alleged allow the Court to reasonably infer that the defendant could be held responsible for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Whether a plaintiff is represented or *pro se*, the plaintiff's complaint must allege specific facts sufficient to state a claim. See *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

      However, the Court must liberally construe *pro se* complaints, and these litigants are held to a lesser pleading standard. *Topchian v. JP Morgan Chase Bank, N.A.*, 760 F.3d 843, 849 (8th Cir. 2014). If the essence of an allegation is

discernible, although pleaded without "legal nicety," the Court will construe the complaint in a way that allows the claim to be evaluated within the proper legal framework. *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004).

When deciding a motion to dismiss under Rule 12(b)(6), the Court is normally limited to considering the facts alleged in the complaint. If the Court considers matters outside the pleadings, the motion to dismiss must be converted to one for summary judgment. Fed. R. Civ. P. 12(d). However, the Court may consider exhibits attached to the complaint and materials that are necessarily embraced by the pleadings without converting the motion. *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 697 n.4 (8th Cir. 2003).

## II. BACKGROUND

The plaintiff is institutionalized at the Norfolk Regional Center. Filing 1 at 2. In 2019, another resident, Timothy Wiley, allegedly asked the plaintiff for legal advice in exchange for $5,000. Filing 1 at 3. The plaintiff told him that he could not accept the money because he was not an attorney. *Id.* Regardless, the complaint alleges that Wiley sent the plaintiff's sister a check for $5,000. The plaintiff asked Wiley why he did that, and Wiley told him he wanted to help the plaintiff with his apartment, furniture, and emergency funds. *Id.*

The plaintiff alleges that a social worker, defendant Michael Gettman, and a Nebraska State Patrol trooper, Robert Rose,[1] intimidated and coerced Wiley to manufacture evidence of a theft. See filing 1 at 3. The plaintiff alleges Gettman and Rose "deliberately fabricated . . . false evidence coercing Timothy Wiley to file a criminal complaint to implicate plaintiff for the purpose of

---

[1] The plaintiff refers to Rose as "Sen. Robert Rose." *See* filing 1 at 1. Based on the exhibits attached to the complaint, it appears the plaintiff intended to write "Sgt. Robert Rose." *See* filing 1 at 10.

2

providing probable cause for the arrest, false charges of thief by deception, and confinement of plaintiff ignoring evidence suggesting innocence." Filing 1 at 4.

The State of Nebraska charged the plaintiff with theft by deception in January 2021. Filing 1 at 4, 7. Six unknown Madison County Sheriff's deputies transported the plaintiff from the Norfolk Regional Center to the courthouse and to jail over eight times during the criminal proceedings. Filing 1 at 4. The plaintiff alleges these officers were part of a conspiracy to deprive him of his constitutional rights. *See id.* The plaintiff attached the deposition of Wiley, taken by the plaintiff's public defender and the prosecutor. *See* filing 1 at 8. Wiley testified that Gettman questioned him about the $5,000, and Gettman believed Wiley had been extorted. Wiley denied the extortion, but a few weeks later, a police officer, Sergeant Robert Rose, interviewed him, and "it got mixed up." Filing 1 at 10. Wiley testified that he felt coerced by Rose and Gettman to say that the plaintiff had defrauded him in some way. *Id.*

After Wiley's deposition, the State filed a motion to dismiss the charges against the plaintiff. Filing 1 at 57. The court granted the motion. Filing 1 at 59. The plaintiff now brings suit against the defendants under 42 U.S.C. §§ 1983 and 1985 for violating and conspiring to violate his rights under state and federal law. *See* filing 1 at 1-2.

### III. DISCUSSION

The State of Nebraska, the Nebraska State Patrol, Michael Gettman in his official capacity, and Robert Rose in his official capacity (collectively, the State) have moved to dismiss the claims against them. Filing 30. Gettman has moved to dismiss the claims against him in his individual capacity. Filing 42. And Madison County has moved to dismiss the claims against it, apparently also including the Madison County Sheriff Department and six unnamed sheriff's deputies. *See* filing 48; filing 49 at 8.

1. THE STATE

The State asserts it is immune from suit under the Eleventh Amendment. The Eleventh Amendment bars private suits seeking monetary damages against a nonconsenting state, its "arms," and state employees acting in their official capacities. *Lewis v. Clarke*, 581 U.S. 155, 162 (2017) (citing *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429–30 (1997)); *Alsbrook v. City of Maumelle*, 184 F.3d 999, 1010 (8th Cir. 1999) (an action against state employees in their official capacities "is no different from a suit against the state itself"); *Thomas v. St. Louis Bd. of Police Comm'rs*, 447 F.3d 1082, 1084 (8th Cir. 2006).

The State has not consented to suit, *Becker v. Univ. of Neb. at Omaha*, 191 F.3d 904, 908 (8th Cir. 1999), and Congress did not abrogate the state's immunity in passing § 1983. *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 66–67 (1989); *Burk v. Beene*, 948 F.2d 489, 492–93 (8th Cir.1991); *see also Alsbrook*, 184 F.3d at 1010. The State is immune from suit. The State Patrol is an arm of the state, and is also immune from suit. *See Steckelberg v. Rice*, 184 F. Supp. 3d 746, 754 n.4 (D. Neb. 2016), *aff'd*, 878 F.3d 630 (8th Cir. 2017). And Gettman and Rose, as state employees in their official capacities, are also immune from suit. *Alsbrook*, 184 F.3d at 1010. The plaintiff's claims against these defendants will be dismissed.

The plaintiff asserts that the State violated his substantive due process rights under the Fourteenth Amendment. Filing 32 at 2. But his request for money damages cannot move forward against the State. Rather, he may only pursue his claims against the State employees, Gettman and Rose, in their individual capacities. *Alsbrook*, 184 F.3d at 1010 (citing *Hafer v. Melo*, 502 U.S. 21, 23 (1991)).

2. MADISON COUNTY

The county-related defendants have moved to dismiss under Rule 12(b)(6). Filing 48. That motion will be granted. The only acts alleged in the complaint traceable to the county are the acts of the unnamed sheriff deputies who transported the plaintiff to and from the Norfolk Regional Center. The plaintiff's claims revolve around misconduct by Gettman and Rose; there is no indication from the facts alleged that Madison County or any of its employees or related entities engaged in misconduct that violated the plaintiff's rights.

The plaintiff appears to allege that unnamed county officials were involved in a conspiracy to deny the plaintiff his constitutional rights. *See* filing 1 at 4. However, the plaintiff has failed to cite any instances of parallel behavior, and instead makes bare allegations that the county was somehow involved in a conspiracy with Gettman and Rose. The plaintiff has not alleged any independent wrongful acts taken by the county or any of its employees. The plaintiff's allegations are insufficient to support a claim of conspiracy against the county. *See Twombly*, 550 U.S. at 554.

The county also correctly argues that the Madison County Sheriff Department is not an entity that can sue or be sued, and is not a "person" for purposes of § 1983. Filing 49 at 5; *see, e.g., Ragelis v. Haase*, No. 4:19-cv-166, 2020 WL 1042281, at *1 n.1 (E.D. Ark. Mar. 3, 2020) (citing *Ketchum v. City of West Memphis*, 974 F.2d 81 (8th Cir. 1992)); *De La Garza v. Kandiyohi Cnty Jail*, 18 Fed. App'x 436, 437 (8th Cir. 2001). The plaintiff's claims against Madison County, the Madison County Sheriff Department, and the six unnamed Madison County sheriff deputies will be dismissed.

Madison County contends the plaintiff's complaint must be dismissed because the plaintiff failed to serve process in compliance with Nebraska law. The Court declines to address this argument because even assuming that

5

process was improper, the Court would ordinarily quash service and allow the plaintiff to re-serve rather than dismiss the action without prejudice. *Henry v. MidFirst Bank*, No. 4:13-cv-1141, 2014 WL 3908293, at *3 (W.D. Mo. Aug. 11, 2014); *see also Haley v. Simmons*, 529 F.2d 78, 79 (8th Cir. 1976). The county's requested relief—dismissal—is appropriate under Rule 12(b)(6).

### 3. MICHAEL GETTMAN

Gettman argues that the plaintiff has not alleged facts which establish a violation of a constitutional or statutory right, so the plaintiff has failed to state a claim *and* Gettman is entitled to qualified immunity. *See* filing 43 at 4-5. Qualified immunity shields state employees performing discretionary functions from liability for conduct that does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Parker v. Chard*, 777 F.3d 977, 979 (8th Cir. 2015); *see Messerschmidt v. Millender*, 565 U.S. 535, 546 (2012); *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). In determining whether a state employee is entitled to qualified immunity, the Court asks (1) whether the facts alleged establish a violation of a constitutional or statutory right, and (2) whether that right was clearly established at the time of the alleged violation, such that a reasonable employee would have known that his actions were unlawful. *Laney v. City of St. Louis*, 56 F.4th 1153, 1156 (8th Cir. 2023); *Johnson v. Phillips*, 664 F.3d 232, 236 (8th Cir. 2011); *see Parker*, 777 F.3d at 980.

(a) Violation of Constitutional Right

The plaintiff alleges that a number of his constitutional or statutory rights were violated. But it is the well-pleaded facts, not legal theories or conclusions, that determine the adequacy of the complaint. *Mickelson v. Cnty. of Ramsey*, 823 F.3d 918, 923 (8th Cir. 2016). The plaintiff alleges that

6

Gettman and Rose agreed to fabricate evidence by intimidating a witness—specifically, Wiley. The plaintiff claims that he was charged with theft and subject to the judicial process without probable cause. These facts support an inference that Gettman could plausibly be liable for malicious prosecution and civil conspiracy.[2]

A warrantless arrest unsupported by probable cause violates the Fourth Amendment. *Ryno v. City of Waynesville*, 58 F.4th 995, 1006 (8th Cir. 2023). If a person is detained pursuant to a warrant issued without probable cause, those types of damages are based on a malicious prosecution claim and on the wrongful use of judicial process rather than the detention itself. *Wallace v. Kato,* 549 U.S. 384, 390 (2007) (quoting W. Keeton, D. Dobbs, R. Keeton, & D. Owen, Prosser and Keeton on Law of Torts § 11, p. 54, § 119, pp. 888 (5th ed. 1984)). The facts alleged indicate that the plaintiff was arrested with a warrant allegedly unsupported by probable cause, so the Court will analyze his claim as one for damages for malicious prosecution under § 1983, and conspiracy to deprive him of his Fourth Amendment rights under § 1985. *See* filing 1 at 4.

A malicious prosecution claim requires three elements: (1) the suit must have been instituted without probable cause; (2) the motive in instituting the suit was malicious;[3] and (3) the prosecution terminated in the acquittal or discharge of the accused. *Thompson v. Clark,* 596 U.S. 36, 44 (2022). A defendant is liable for malicious prosecution to the extent that defendant's

---

[2] The plaintiff also argues the defendants violated his Fourteenth Amendment substantive due process rights. But the plaintiff has not identified any conditions of his confinement that infringe on his substantive liberty interests, so this claim must fail. *See Youngberg v. Romero,* 457 U.S. 307, 315 (1982); *Karjens v. Harpstead,* 74 F.4th 561, 569 (8th Cir. 2023).

[3] The Supreme Court has not ruled on whether a plaintiff "must establish malice (or some other *mens rea*) in addition to the absence of probable cause." *Thompson,* 596 U.S. at 44 n.3.

actions "caused the initiation of criminal proceedings despite having no good reason to believe that criminal charges were justified by the facts and the law." *Id.* (internal quotations omitted); *see also Pitt v. Dist. Of Columbia,* 491 F.3d 494, 511 (D.C. Cir. 2007) ("malicious prosecution is actionable under [§ 1983] to the extent that the defendant's actions cause the plaintiff to be unreasonably 'seized' without probable cause, in violation of the Fourth Amendment").

The plaintiff has met the second and third elements from the facts alleged in the complaint. The facts alleged support at least an inference that Gettman was motivated by the plaintiff's mental disability, a malicious motive. *See Alsbrook,* 184 F.3d at 1011. And the claims against the plaintiff were dismissed, so he has satisfied the third element of malicious prosecution. *See Thompson,* 596 U.S. at 48.

Gettman argues that the plaintiff has not adequately alleged that Gettman was part of the investigation. *See* filing 43 at 6. But that's not part of a malicious prosecution claim. The plaintiff has sufficiently alleged that Gettman intentionally caused the plaintiff to be detained without probable cause by falsely reporting theft to law enforcement. Filing 1 at 3. And, the plaintiff alleged that Gettman improperly involved law enforcement and conspired with Rose to intimidate Wiley and fabricate evidence against the plaintiff, knowing that the plaintiff had not committed a crime.

The facts alleged also support at least an inference that Gettman conspired with Rose to deny the plaintiff equal access to the laws because the plaintiff belongs to a protected class—he is a disabled person in the custody of the state. So, the plaintiff has, at this point, sufficiently alleged a conspiracy under § 1985(c). Whether this conspiracy can be proven at trial is a separate issue. We are at the initial pleading stage.

Moreover, the plaintiff's showing of a violation of his rights depends on whether the alleged facts show that Gettman lacked probable cause before causing the plaintiff to be subjected to judicial proceedings. But if the facts in the complaint indicate that Gettman had "arguable" probable cause, he is shielded by immunity.

(b) Probable Cause

Qualified immunity does not protect the plainly incompetent or someone who knowingly violates the law. *Walker v. City of Pine Bluff*, 414 F.3d 989, 992 (8th Cir. 2005) (quoting *Hunter v. Bryant,* 502 U.S. 224, 229 (1991)). A state employee is entitled to immunity even if he "is wrong, so long as he is reasonable," so if Gettman had "arguable" probable cause before speaking to Rose, he is immune from civil suit. *See id.* A state employee has probable cause if the totality of the information he knows would justify a reasonable person believing that a person has committed or is committing a crime. *E.g., Hosea v. City of St. Paul*, 867 F.3d 949, 955 (8th Cir. 2017).

According to the plaintiff, Gettman noticed that Wiley had sent a check for $5,000 to someone related to the plaintiff. When Gettman questioned Wiley about it, Wiley denied that anything wrong had happened. Wiley told Gettman that he gave the plaintiff money to help out the plaintiff and not because of any promise or action by the plaintiff. Based at least on the plaintiff's allegations, Gettman should have known that the plaintiff had not committed a crime, because Wiley denied being extorted or defrauded.

The totality of the facts known at the time of the plaintiff's arrest, as alleged by the plaintiff, was that Wiley sent the plaintiff some money. Gettman lacked arguable probable cause that the plaintiff had committed a crime, and the facts alleged support that Gettman was either plainly incompetent or knowingly violated the law. *Walker*, 414 F.3d at 992. The plaintiff alleges that

Gettman conspired with Rose to bully Wiley to implicate the plaintiff in some sort of crime, without probable cause or good reason. *See* filing 1 at 3-4. The plaintiff has sufficiently alleged (at this point) that Gettman was directly and personally involved in violating the plaintiff's Fourth Amendment rights by causing the plaintiff to be unreasonably seized without probable cause. *See Jones v. City of St. Louis*, No. 22-3624, slip op. at 9 (8th Cir. June 17, 2024) (quoting *Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir.), *cert. denied*, 522 U.S. 823 (2007)); *Thompson*, 596 U.S. at 43. At this early stage of the proceedings, Gettman is not entitled to qualified immunity.

(c) Clearly Established Right

It was clearly established at the time of the acts alleged that the Fourteenth Amendment's guarantee of due process is violated by the manufacture of false evidence in order to falsely formulate a pretense of probable cause. *Livers v. Schenck*, 700 F.3d 340, 354 (8th Cir. 2012). The plaintiff alleges that Gettman conspired with Rose to fabricate evidence against him by coercing Wiley to implicate the plaintiff. At this early stage of the proceeding, the plaintiff has sufficiently alleged that Gettman violated a clearly established right. *See id.* at 354-55.

The facts alleged do not entitle Gettman to immunity at this time. The motion to dismiss will be denied.

4. ROBERT ROSE

The Court has identified another problem. The docket reflects that service was returned executed upon defendant Robert Rose in his individual capacity, filing 37. However, upon further inspection, that entry was made in error because the summons was returned *un*executed. Filing 37. Robert Rose

10

no longer works for the State Patrol and, as such, the Marshals were unable to serve process on him. *Id.*

If a defendant is not served within 90 days after the complaint is filed, the Court must dismiss the action without prejudice, or order that service be made within a specified time. Fed. R. Civ. P. 4(m). Based on the docket entry, the plaintiff, like this Court, was likely unaware of the unsuccessful service. The plaintiff also is unlikely to know where Rose presently resides. Because this case is proceeding, he may use the discovery process to obtain the necessary information to serve process on Rose. *See Jones v. Neb. Dep't of Corr. Servs.*, No. 22-3190, slip op. at 5 (8th Cir. June 5, 2024). The plaintiff is therefore ordered to serve process upon Rose within 70 days.

## IV. CONCLUSION

The plaintiff previously requested appointed counsel in this case. Filing 2. That request was denied. Filing 15. However, now that the case is proceeding to discovery, appointing counsel might benefit *all* of the parties involved in this case. Without making any promises, the Court may consider appointing counsel upon an appropriate motion, and upon receiving updated financial information, from the plaintiff.

Accordingly,

IT IS ORDERED:

1. The State's motion to dismiss (filing 30) is granted.

2. Defendants the State of Nebraska, the Nebraska State Patrol, Michael Gettman in his official capacity, and Robert Rose in his official capacity are dismissed.

11

3. Madison County's motion to dismiss (filing 48) is granted.

4. Defendants Madison County, the Madison County Sheriff Department, and the six unnamed Madison County sheriff deputies are dismissed.

5. Michael Gettman's motion to dismiss the claims against him in his individual capacity (filing 42) is denied.

6. The Clerk of the Court shall amend the docket entry for Filing 37 to the following: Summons Returned Unexecuted as to defendant Robert Rose in his individual capacity.

7. The Clerk of the Court shall send the plaintiff Form CJA-23, which the plaintiff should promptly complete and return if he wishes to reassert his request for appointed counsel.

8. The plaintiff shall serve process on Robert Rose in his individual capacity on or before August 26, 2024.

9. This case is referred to the Magistrate Judge for case progression.

Dated this 17th day of June, 2024.

BY THE COURT:

_John M. Gerrard_
John M. Gerrard
Senior United States District Judge