IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

|  |  |
|---|---|
| MARVEL JONES,<br><br>               Plaintiff,<br><br>   vs.<br><br><br>MICHAEL GETTMANN, LICSW/LIMHP,<br>Sued In His Individually Capacity; and SEN.<br>ROBERT ROSE, of Law Enforcement and<br>Public Safety for the Nebraska State Patrol Sued<br>In His Individually Capacity;<br><br>               Defendants. | **8:23CV182**<br><br><br><br>**ORDER** |

This matter is before the court on Plaintiff's Motion for Appointment of Counsel. (Filing No. 123). For the reasons that follow, the motion will be denied.

## I.    BACKGROUND

Plaintiff initially moved for the appointment of counsel when this case was filed. (Filing No. 2). That motion was denied as the assigned magistrate judge found that appointment of counsel was not warranted at that time. Plaintiff filed a second motion for appointment of counsel on July 8, 2024. (Filing No. 56). Plaintiff's motion to appoint counsel was granted on July 11, 2024, and Nathan J. Stratton was appointed. Thereafter, this case was progressed and discovery commenced. (Filing No. 70; Filing No. 80).

A timely motion for summary judgment was filed in February 2026, and shortly thereafter this case was set for trial. (Filing No. 99; Filing No. 101; Filing No. 109). On March 3, 2026, Plaintiff's counsel moved to withdraw as Plaintiff had begun sending documents and motions to the court. (Filing No. 110; Filing No. 111). A hearing was held on March 6, 2026, before the court with counsel for the parties and Plaintiff appearing telephonically. (Filing No. 113, Minute Entry; Filing No. 114, audio file). Plaintiff was presented with the option to allow Stratton to stay on as

1

counsel and permit Stratton to determine what filings were appropriate, or to allow Stratton to withdraw and proceed pro se. Plaintiff stated his intent to file documents on his own behalf, including a second motion for reconsideration of a prior order of the court. (Filing No. 116). Accordingly, Stratton was permitted to withdraw, and Plaintiff was advised that he would not be appointed replacement counsel. (Filing No. 113, Minute Entry; Filing No. 114, audio file).

Plaintiff filed a third motion for appointment of counsel on May 15, 2026, asserting that he is unable to afford counsel, the issues involved in this case are complex, he has no access to a physical law library, he has limited knowledge of the law, and he is a ward of the state. (Filing No. 123). The motion acknowledges that this court previously appointed counsel, and that counsel was permitted to withdraw.  Plaintiff alleges that there was conflict of interest with Stratton, and he wants new counsel to "move this case through litigation." (Filing No. 123).

## II.   DISCUSSION

"There is no constitutional or statutory right to appointed counsel in civil cases." *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006). Trial courts have "broad discretion to decide whether both the [litigant] and the court will benefit from the appointment of counsel." *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996). In March 2026, Plaintiff represented to the court that he intended to file certain documents which were contrary to the advice of counsel. Plaintiff consented to the withdrawal of his counsel in order to proceed in those filings, having been duly advised that new counsel would not be appointed for him. Nothing in Plaintiff's current motion indicates his circumstances have materially changed since the March 6, 2026, hearing. Accordingly,

IT IS ORDERED that the motion for appointment of counsel is denied. (Filing No. 123).

Dated this 20th day of May, 2026.

BY THE COURT:

s/ Ryan C. Carson

United States Magistrate Judge

2